T. MAY *et al. vs.* ALFRED WILLIS, Bishop of Honolulu.

MANDAMUS.

HEARING, JANUARY 31, 1891.   DECISION, FEBRUARY 13, 1891.

JUDD, C.J., McCULLY AND DOLE, JJ.

A peremptory writ of mandamus issues, as a matter of course, after a decision directing it to be issued.

If the issue of such a writ is delayed, when it is issued it relates back to the time of filing the decision directing it to be issued.

In case of such delay and a performance of the substance of the command of the writ before it is issued, such performance would be a sufficient answer to a prosecution for contempt for violation of the writ.

OPINION OF THE COURT, BY DOLE, J.

In the regular progress of the above entitled cause, a decision was filed by this Court on the 28th day of October last, directing that a peremptory writ of mandamus be issued to the respondent, "commanding him to call a meeting of the trustees of the Anglican Church in Hawaii, a corporation, forthwith, for the consideration of the advisability of removing the building in the cathedral precincts of the said corporation, at present in close proximity to the church building in course of construction for the Chinese congregation. (*Ante*, page 178)

On January 21st a motion was filed by the petitioners "that a peremptory mandamus be issued in accordance with the opinion of the Court filed herein." This motion was granted ex parte on the following day, it having been shown, however, that a copy of the motion and the affidavit supporting it had been duly served on the respondent. A peremptory writ of mandamus was forthwith issued and served on the respondent.

On the 26th of January the respondent filed his motion that the Court vacate its order of January 22d for the issue of the

writ, and that the writ be quashed upon substantially the following grounds:

That he was not allowed sufficient time to prepare to meet the motion that the writ be issued; that the affidavit supporting such motion was misleading and deficient; that after the decision of the Court, made October 28th, 1890, directing that a temporary mandate be issued to respondent, and before such mandate was issued, he conformed to the decision of the Court and called the meeting in question; that the affidavit supporting the motion of January 21st, for the issue of the peremptory writ, set forth the fact that such meeting was duly called and held, and that the action of the Court under the circumstances was erroneous in law.

This motion was argued on the last day of the January Term, and is the present issue before the Court.

As may be seen by the history of the proceedings above set forth, the original case was disposed of by the decision of October 28th, and only required the issue of the peremptory writ thereby ordered to be fully terminated, a peremptory writ of mandamus being in the nature of a final judgment or decree. It was in order for the Clerk to issue the writ at any time after the decision directing it to be issued had been filed. This was the view the Court held when the motion of the petitioners came up, and the motion was granted rather because of the original decision of the Court that a peremptory writ be issued than on account of the motion or anything in the affidavit supporting it. From this standpoint the respondent was in nowise prejudiced by his absence at the presentation of said motion.

Neither is he prejudiced by the issue of the writ subsequent to his performance of the duty which the Court had decided he ought to perform, and for which the peremptory writ was directed to be issued, if he has so performed it, for the writ is the product of the decision and is indissolubly connected with it, and if there is a delay in issuing it, as in the case before the Court, it has, when issued, a retrospective action relating back to the time when the decision was filed. Therefore, if proceed-

ings in attachment should be brought against the respondent for violation of the writ, his showing that he had conformed to the substance of the command of the writ before the same was actually issued, in obedience to the conclusions of the Court as set forth in its decision directing the writ to be issued, would be a sufficient answer to such proceedings.

The counsel for the respondent cited High's Extraordinary Legal Remedies, Section 551, as supporting his contention that the writ was improperly issued, because the act commanded was already performed. We find that this authority refers solely to the question of allowing a peremptory writ in case the return to the alternative writ shows that the act sought to be coerced has been performed. The case before the Court had passed this stage of proceedings, and the Court had directed the peremptory writ to be issued; the issue of it thereafter was a matter of course.

Section 552 of the same book was also cited to show that it was "error to issue a peremptory mandamus upon an ex parte application." This reference does not apply to the case, because, as we have shown above, the peremptory mandamus was issued in consequence of the decision of October 28th, and the respondent was present and was heard in the proceedings which led up to such decision.

Respondent's counsel made the further point in his argument that the writ having been issued in the name of His Late Majesty Kalakaua on the 22d of January, which was after his death, it is therefore void. We do not think that this is matter for consideration on a motion to quash. If the writ is void there is no occasion for quashing it. Upon a prosecution for contempt for violation of the writ, it would be in order to defend on the ground that the writ was void. (Tapping on Mandamus, 445.)

The motion is over-ruled.

*C. W. Ashford*, for the motion.

*F. M. Hatch*, contra.